IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAY BLANCHARD,

Petitioner,

v.  CIVIL ACTION NO. 5:13cv134
(Judge Stamp)

WARDEN TERRY O'BRIEN

Respondents.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On November 7, 2013, the *pro se* petitioner, Ray Blanchard (hereinafter Blanchard), filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. Blanchard is a federal inmate housed at McCreary U.S. Penitentiary[1] and is challenging the validity of his conviction and sentence imposed in the United States District Court for the District of Maryland. This matter is pending before the undersigned for an initial review and Report and Recommendation.

### II. FACTS[2]

On March 26, 2007, a federal grand jury for the District of Maryland returned an indictment charging Blanchard with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1) On November 14, 2008, following a three-day jury trial, Blanchard was found guilty as charged in the indictment. (Doc. No. 65) The court held a sentencing hearing on June 23, 2009. (Doc. No. 81). After determining Blanchard was an

---

[1] The petitioner was housed at USP Hazelton when he filed this petition, and therefore, jurisdiction remains with this court.
[2] The facts are taken from Blanchard's Criminal Docket for Case No. 8:07-cr-00143-PJM-1 available on PACER. Docket entries in this section refer to said criminal docket.

1

Armed Career Criminal, possessed a firearm in connection with a controlled substance offense, and had a criminal history category of VI, the court found that the advisory guidelines range for his sentence was 262 to 327 months imprisonment. (Doc. No. 85). After hearing from both parties regarding the sentencing factors under 18 U.S.C. § 3553(a), the court imposed a sentence of 327 months imprisonment, at the top end of the advisory guidelines range. *Id.* The court also sentenced Blanchard to five years of supervised release. (Doc. No. 85) On August 17, 2010, the 4th Circuit affirmed the decision. (Doc. No. 100). On March 31, 2011, Blanchard filed a Motion to Vacate, pursuant to 28 U.S.C. § 2255, in which Blanchard alleged:

> (1) lack subject matter jurisdiction; (2) constitutionally defective counsel; (3) illegal search and seizure during traffic stop; (4) due process violations based on alleged prosecutorial misconduct and knowingly false testimony; (5) violation of a right to bear arms; (6) double jeopardy for use of prior convictions; (7) cruel and unusual punishment; and (8) improper admission of 404(b) evidence.

(Doc. No. 120 & 103).

On November 2, 2011, the motion was denied. (Doc. No. 121). On March 20, 2012, the Fourth Circuit denied Blanchard a certificate of appealability and dismissed the appeal. (Doc. No. 130-1)

### III. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar[3], the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. *In re Vial*, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in *Jones*, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal;

---

[3] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.
> The limitation period shall run from the last of:
> a. The date on which the judgment of conviction becomes final;
> b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

3

and (3) the prisoner cannot satisfy the gate-keeping provisions of §
2255 because the new rule is not one of constitutional law[4].

*In Re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

In his pending petition before this Court, Blanchard asserts the following grounds for relief: (1) ineffective assistance of counsel; (2) "unconstitutional statutes renders judgment void" for "lack of jurisdiction;" (3) "illegal search and seizure/provoked flight by threats of violence"; and (4) "due process violations." (Doc. No. 10, pp. 5-7). For relief, he seeks "[t]o dismiss the indictment for such illegality/misrepresentation which took place." (*Id.* at 8).

Blanchard appears to acknowledge that these grounds were raised in his § 2255 motion filed with the District of Maryland. (Doc. No. 10, p.7). Moreover, his § 2255 motion was denied by the district court, and the Fourth Circuit dismissed the appeal of that denial. Therefore, Blanchard is attempting to re-litigate these same issues in a § 2241 petition.

However, in order to raise his claims under § 2241, Blanchard must first establish that he is entitled to review under § 2241 by meeting the *Jones* requirements[5]. Blanchard has not, and cannot satisfy the *Jones* requirements. Even if he satisfied the first and the third elements of

---

[4] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
    28 U.S.C. § 2255; *see Jones*, 226 F.3d at 330.

[5] *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); *see also Herrera v. Collins*, 506 U.S. 390, 404 (1993) ( "A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); *Royal v. Taylor*, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence

4

*Jones*, the crime for which Blanchard was convicted remains a criminal offense, and therefore he cannot satisfy the second element of *Jones*. Therefore, because Blanchard attacks the validity of his conviction and sentence, and fails to establish that he meets the *Jones* requirements, he has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

Furthermore, the petitioner's attempt to invoke the holding in *Alleyne* is misplaced. In *Alleyne*, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id, at 2162.

This decision extended the Supreme Court's prior holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), in which the Court found that any fact which increases the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. *See Simpson v. United States*, No. 13-2373 2013 U.S. App. LEXIS 12902 *1 (7th Cir. July 10, 2013)(noting that *Alleyne* is an extension of *Apprendi*).

The petitioner appears to argue that he was sentenced as an Armed Career Criminal based on facts not presented in the indictment or found by a jury. Accordingly, the petitioner argues that he was denied the right to be tried by a jury on all offenses alleged. However, a number of

courts that have considered the question thus far have found that *Alleyne*, in that it is a mere extension of *Apprendi*, is not intended to be retroactively applied. *See id., United States v. Reyes*, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); *United States v. Eziolisa*, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); *United States v. Standley*, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 *7 (N.D. Okla. July 16, 2013); *Affolter v. United States*, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

Furthermore, in *Apprendi*, the Supreme Court specifically noted in its findings that "any fact (<u>other than prior conviction</u>) which increases the maximum penalty for a crime must be ... submitted to a jury." That the existence of prior convictions need not be submitted to a jury was further explained in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), in which the Court affirmatively determined that the fact of a prior conviction may be determined by a sentencing judge. The Court in *Alleyne* specifically declined to reconsider or overrule *Almendarez v. Torres*. 133 S.Ct. At 2160 n.1. Therefore, *Almendarez-Torres* remains good law, and *Alleyne* is not applicable to the petitioner's argument regarding his Armed Career Criminal enhancement.

## IV. <u>RECOMMENDATION</u>

Based on the foregoing, the undersigned recommends the petition be **DENIED WITH PREJUDICE**. The undersigned further recommends that Blanchard's Motion for Electronic Service of Petition on Respondent (Doc. 25) and Motion for Appointment of Counsel (Doc. 27) be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the

6

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to counsel of record via electronic means.

DATED: 6/16/14

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE