IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAY BLANCHARD,

    Petitioner,

v.                                     Civil Action No. 5:13CV134
                                                      (STAMP)

WARDEN TERRY O'BRIEN,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
DENYING WITH PREJUDICE THE PETITIONER'S PETITION
AND DENYING AS MOOT THE PETITIONER'S MOTION FOR
ELECTRONIC SERVICE AND MOTION FOR APPOINTMENT OF COUNSEL**

I. Procedural History

On November 7, 2013, the pro se[1] petitioner, Ray Blanchard, filed a petition pursuant to 28 U.S.C. § 2241 ("§ 2241"), challenging the validity of his conviction and sentence. The petitioner argues the following four grounds for relief: (1) that he received ineffective assistance of counsel; (2) that "unconstitutional statutes renders judgment void" for "lack of jurisdiction;" (3) that an illegal search and seizure occurred; and (4) several due process violations. He requests that as relief for such alleged violations that his indictment be dismissed. As grounds for the requested dismissal, the petitioner relies on the holding recently announced in Alleyne v. United States, 133 S. Ct.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

2151 (2013). After he filed his petition, the petitioner also filed a motion requesting electronic service of the petition on the respondent (ECF No. 25) and a motion for the appointment of counsel (ECF No. 27).

United States Magistrate Judge Robert W. Trumble entered a report and recommendation, recommending that this Court deny the petition with prejudice. Specifically, the magistrate judge found that the petition should be denied because the petitioner attacked the validity of his conviction and sentence, and failed to satisfy the requirements of In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000). Accordingly, the magistrate judge also recommended that the petitioner's motion for electronic service and motion for the appointment of counsel be denied as moot.

The petitioner timely filed objections arguing again that his conviction was unconstitutional, he received ineffective assistance of counsel, and he was denied his right to equal protection. The petitioner also asserts that he was sentenced under a different statute than that which he was indicted. Further, he believes that he is actually innocent of the controlled substance offense that affected his sentencing, because he was neither indicted with the offense nor found guilty by a jury.

For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted. Accordingly, the petition is denied with prejudice and thus, the petitioner's motion

for electronic service of process (ECF No. 25) and motion for appointment of counsel (ECF No. 27) are denied as moot.

## II. <u>Facts</u>

On March 26, 2007, the petitioner was charged with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Following a jury trial, the petitioner was found guilty and sentenced to 327 months of imprisonment. On March 31, 2011, the petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 ("§ 2255"). In that motion to vacate, he alleged the following: (1) a lack of subject matter jurisdiction; (2) constitutionally defective counsel; (3) an illegal search and seizure during a traffic stop; (4) due process violations; (5) a violation of the right to bear arms; (6) double jeopardy; (7) cruel and unusual punishment; and (8) the improper admission of evidence. The United States District Court for the District of Maryland denied that motion to vacate, and his certificate of appealability was denied and his appeal dismissed. Since then, the petitioner filed a § 2241 petition on November 7, 2013, in which he alleged essentially the same arguments that he provided in his March 31, 2011 motion to vacate under § 2255. In addition to his § 2241 petition, the petitioner also filed a motion to request electronic service of the petition on the respondent (ECF No. 25) and a motion for the appointment of counsel (ECF No. 27).

Because he attempted to relitigate the same issues from his § 2255 motion in the current § 2241 petition, the magistrate judge recommended that his petition be denied with prejudice. ECF No. 30. In particular, the magistrate judge showed that the petitioner failed to establish that he is entitled to review under § 2241 by meeting the requirements in In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000). The magistrate judge noted that the petitioner failed to satisfy the second requirement because the crime for which the petitioner was convicted, here the unlawful possession of a firearm by a convicted felon, still remains a criminal offense. Further, the magistrate judge also provided that the petitioner's use of Alleyne v. United States, 133 S.Ct. 2151 (2013), was misplaced because the holding of that case is not intended to be retroactively applied. For those reasons, the magistrate judge recommended that the petition be denied with prejudice, and that the pending motions for electronic service of the petition and for appointment of counsel be denied as moot. The petitioner timely filed objections, arguing again that his conviction was unconstitutional, he received ineffective assistance of counsel, and he was denied his right to equal protection. ECF No. 32.

### III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed

4

objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u>.

IV. <u>Discussion</u>

A federal prisoner may seek relief under § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (the "savings clause"); <u>see</u> <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997). However, under the savings clause, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." <u>In re Vial</u>, 115 F.3d at 1194 n.5 (internal citations omitted). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>Jones</u>, 226 F.3d at 333-34.

This Court finds that the petitioner fails to establish the elements required by <u>Jones</u>. Specifically, 18 U.S.C. § 922(g)(1), the substantive law under which the petitioner was convicted, has not changed since the date of the petitioner's conviction such that

5

the petitioner's conduct would no longer be deemed criminal. The crime petitioner was convicted of still remains criminal. Therefore, the petitioner cannot satisfy the second requirement of the Jones test and his § 2241 petition must be denied insomuch as it challenges his conviction.

Although many of his arguments must be rejected because of his failure to satisfy the Jones' requirements, the petitioner provides additional arguments in his petition and objections. First, the petitioner relies on the holding in Alleyne v. United States, 133 S.Ct. 2151 (2013), arguing that he was sentenced as an armed career criminal based on facts not presented in the indictment or found by a jury. As the magistrate judge properly indicated, the Alleyne holding provides that any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Alleyne, 133 S.Ct. at 2162. However, Alleyne is not intended to be applied retroactively. See In re Mazzio, 756 F.3d 487 (6th Cir. 2014); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); Schuett v. United States, No. 11-20574, 2014 WL 5465447 (E.D. Mich. Oct. 28, 2014). Further, Alleyne would apply to the petitioner only if the prior convictions "are treated as elements of the crime rather than sentencing

factors." Scheutt, 2014 WL 5465447 at *9.  Here, that is not the case.  As the magistrate judge properly noted, Alleyne did not overrule the holding of Almendarez-Torres v. United States, 523 U.S. 224, 230 (1998), which provides that the fact of a prior conviction may be determined by a judge at sentencing. Accordingly, because Alleyne is not retroactive, the petitioner's argument lacks merit.

Second, the petitioner alleges that the magistrate judge violated his rights under the equal protection clause because the magistrate judge's report and recommendation was against the law of the Supreme Court of the United States.  Specifically, he claims that the magistrate judge required more stringent pleading standards for the petitioner to comply with than what is to be required of all other pro se petitioners.  He argues that this different treatment explains why his petition was recommended for denial in the report and recommendation.  The petitioner is correct in that pro se litigants are held to less stringent standards in interpreting their pleadings and filings.  See Haines v. Kerner, 404 U.S. 519 (1972).  However, after analyzing the report and recommendation, as well as the filings in this civil action, this Court fails to see any different treatment or mistreatment towards the petitioner's pleadings.  Therefore, this argument also lacks merit.

## V. Conclusion

For the reasons provided above, the magistrate judge's report and recommendation is AFFIRMED AND ADOPTED. Accordingly, the § 2241 petition is DENIED WITH PREJUDICE, and both the motion to request electronic service on the respondents of the petition (ECF No. 25) and the motion to appoint counsel (ECF No. 27) are DENIED AS MOOT.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: November 5, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE